IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RANDOLPH LUCAS, :
        Plaintiff, :
:
v. : Civ. No. 19-1338-LPS
: Superior Court of the State of
WILMINGTON POLICE DEPARTMENT, : Delaware in and for New Castle County
et al., : C.A. No. N19C-06-014 MMJ
:
        Defendants. :

Randolph Lucas, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Edward J. Kosmowski, esquire, The City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

February 20, 2020
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Defendant Wilmington Police Department ("Defendant") filed a notice of removal on July 17, 2019 of *Lucas v. Wilmington Police Dep't*, Delaware Superior Court Case No. N19C-06-014 MMJ.[1] (D.I. 1) Plaintiff Randolph Lucas ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), in Wilmington, Delaware, proceeds *pro se* and was granted leave to proceed *in forma pauperis* by the Delaware Superior Court. (D.I. 1-1 at 43) Before the Court is Defendant's motion to dismiss, opposed by Plaintiff, and Plaintiff's motions to compel or for discovery, motion to amend, and request for counsel. (D.I. 3, 5, 7, 13, 16) The Court also proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915A(a).

## II. BACKGROUND

Plaintiff commenced this action on about June 2, 2019, in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 1-1) The Complaint alleges that Plaintiff was a passenger in a car that was pulled over by the police on June 9, 2017. (*Id.* at 10) Plaintiff "took off running" because there was an outstanding capias for his arrest. (*Id.*) A brief pursuit ensued before Plaintiff was "shocked by a Taser, punched, and stomped on" by Defendant, all of which caused severe damage to Plaintiff's leg. (*Id.*) Plaintiff was taken to Wilmington Hospital for treatment, committed to HYRCI, and released on bail on June 20, 2017. (*Id.*) While out on bail, Plaintiff underwent surgery for a ruptured ACL (*i.e.*, anterior cruciate ligament). (*Id.*)

---

[1] Other named Defendants include Officer Ham, Officer Schulz, Officer Law, Officer Stephey, Officer Nolan, Officer Lynch, and Officer Gifford, none of whom appear to have been served.

1

Plaintiff alleges violations of Article 1, §§ 7 and 9 of the Delaware Constitution and the Fourteenth Amendment to the United States Constitution. (*Id.*) He seeks general, compensatory, special, and punitive damages. (D.I. 1-1 at 8)

Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the grounds that Plaintiff's claims arise under the United States Constitution and 42 U.S.C. § 1983, as the Complaint alleges Defendants acted under the color of law and violated Plaintiff's civil rights. (D.I. 1) Prior to removal, the Superior Court granted Plaintiff leave to proceed *in forma pauperis*, conducted an initial review of the Complaint, and entered an order that the "complaint is NOT DISMISSED and service of process shall issue." (D.I. 1-1 at 41, 43) The Wilmington Police Department was served on June 28, 2019. (*Id.* at 47)

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d

772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550

3

U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant moves to dismiss on the grounds that: (1) it is not a separate juridical entity from the City of Wilmington and is not subject to suit; (2) the "more-specific-provision rule" precludes Plaintiff's claims raised under the Fourteenth Amendment; and (3) the Complaint fails to state plausible claims for relief under the Delaware Constitution and the United States Constitution. Plaintiff opposes and moves to amend.

The Court will grant Defendant's motion for several reasons. First, the Wilmington Police Department is a department of the City of Wilmington and cannot be sued as a separate juridical entity. *See Washington v. Wilmington Police Dep't*, 1995 WL 654158, at *3 (Del. Super. Sept. 18, 1995).

4

Second, the Court liberally construes the Complaint as raising claims under 42 U.S.C. § 1983, but a municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Accordingly, a plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff has not pled that Defendant was the "moving force" behind any alleged constitutional violation. Plaintiff has failed to state a § 1983 claim on which relief may be granted.

Third, the Court is unable to discern any plausible claim for relief under the Delaware Constitution or the Fourteenth Amendment to the United States Constitution. Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment, but there is no mention of the Fourth Amendment in the Complaint. *See Graham v. Connor*, 490 U.S. 386 (1989). The claims against Defendant are deficiently pled. Defendant's motion to dismiss will be granted.

In addition, the Court will *sua sponte* dismiss the claims against the individual defendants to the extent Plaintiff seeks to raise § 1983 claims against them. The individual Defendants are simply mentioned but the body of the Complaint contains no allegations directed toward any individual defendant.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir.

5

2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, \_\_U.S.\_\_, 135 S.Ct. 2042 (2015). Respondeat superior cannot form the basis of liability. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. Aug. 28, 2008) (instructing that constitutional deprivation cannot be premised merely on fact that defendant was prison supervisor when incidents set forth in complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The Complaint fails to adequately allege the personal involvement of any individual defendant. Therefore, the claims against them will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Nonetheless, because it appears plausible that Plaintiff may be able to articulate a claim against defendants or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. MISCELLANEOUS MOTIONS

### A. Discovery

Plaintiff's motion to compel (D.I. 5) and motion for discovery (D.I. 16) will be denied as premature. To date, there is not an operative pleading and the Court has not yet entered a scheduling and discovery order.

### B. Motion to Amend/Correct

Plaintiff's motion to amend/correct (D.I. 7) will be denied as moot. As discussed above, Plaintiff will be given leave to amend to cure his pleading defects.

## C. Request for Counsel

Plaintiff's request for counsel (D.I. 13) will be denied without prejudice to renew. Plaintiff requests counsel on the grounds that he is indigent and has no legal skills.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, the operative word in statute being "request").

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's Complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, there is not an operative pleading. Finally, the case is in its early stages and a scheduling and discovery order has not yet been entered.

## VI. CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss (D.I. 3); (2) dismiss Wilmington Police Department as a defendant; (3) dismiss all individual defendants pursuant to 28 U.S.C. § 1915A(b)(1); (4) give Plaintiff leave to file an amended complaint; (5) deny as premature Plaintiff's discovery motions (D.I. 5, 16); (6) deny as moot Plaintiff's combined motion to amend and for an extension of time (D.I. 7); and (7) deny without prejudice to renew Plaintiff's request for counsel (D.I. 13).

An appropriate Order will be entered.