IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RANDOLPH LUCAS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 19-1338-LPS |
| | : Superior Court of the State of |
| OFFICER HAM, et al., | : Delaware in and for New Castle County |
| | : C.A. No. N19C-06-014 MMJ |
| Defendants. | : |

Randolph Lucas, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Caitlyn E. Quinn, Esquire, The City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendant City of Wilmington.

**MEMORANDUM OPINION**

March 1, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

The Wilmington Police Department[1] filed a notice of removal on July 17, 2019, of *Lucas v. Wilmington Police Dep't*, Delaware Superior Court Case No. N19C-06-014 MMJ, filed by Plaintiff Randolph Lucas ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware. (D.I. 1) Plaintiff proceeds *pro se* and was granted leave to proceed *in forma pauperis* by the Delaware Superior Court. (D.I. 1-1 at 43) The original complaint was dismissed, and Plaintiff was given leave to amend. (D.I. 26, 27) Plaintiff filed an Amended Complaint on March 16, 2020 raising claims under 42 U.S.C. § 1983 and state law. (D.I. 30) Before the Court is Defendant City of Wilmington's ("City of Wilmington") motion to dismiss, Plaintiff's request for issuance of a subpoena, and Plaintiff's motion for leave to file a second amended complaint. (D.I. 31, 34, 36) The Court will also screen the Amended Complaint pursuant to 28 U.S.C. § 1915A(a).

## II. BACKGROUND

As alleged in the Amended Complaint,[2] Plaintiff was a passenger in a car stopped by Wilmington police officers on June 9, 2017. (D.I. 30 at 7) When he was asked to step out of the car, Plaintiff ran and, after a brief chase, he was tased by Defendant Officer Nolan ("Nolan"). (*Id.*) Plaintiff fell to the ground and, while laying on his stomach immobile, Defendants Wilmington police officers Ham ("Ham"), Law ("Law"), Stephey ("Stephey"), or Lynch ("Lynch") stomped on the back of Plaintiff's knee multiple times. Defendant Officer Schulz ("Schulz") jumped on Plaintiff and punched and beat Plaintiff in the face and head while yelling "stop resisting." (*Id.*) After this

---

[1] The Wilmington Police Department was dismissed as a defendant on February 20, 2020. (*See* D.I. 26, 27)

[2] The Court is required to take as true all of Plaintiff's well-pled factual allegations at this stage of the proceedings.

1

continued for a few seconds, Nolan yelled and told the officers to stop. (*Id.*) Plaintiff was handcuffed, flipped, and slammed on the back of his head by either Ham, Law, Stephey, or Schulz. (*Id.* at 8)

Plaintiff was taken to the Wilmington Hospital emergency room for treatment of his injuries. (*Id.*) After making bond on June 20, 2017, Plaintiff presented to his primary care provider with complaints of swelling and pain. (*Id.*) A June 27, 2017 MRI revealed a ruptured anterior cruciate ligament and a complex tear of the medial collateral ligament. (*Id.*) On August 25, 2017, Plaintiff underwent reconstructive surgery, followed by physical therapy. (*Id.*)

Plaintiff alleges excessive force by the City of Wilmington, Ham, Schulz, Law, Stephey, and Lynch, and failure to intervene by Ham, Law, Stephey, Schulz, Lynch, and Nolan, all in violation of his rights under the Fourth Amendment of the United States Constitution. (*Id.*) He alleges derivative and supervisory/policy maker liability against the City of Wilmington, Mayor Michael S. Purzycki ("Purzycki"), and Supervisor Gifford ("Gifford"). (*Id.*) In addition, Plaintiff alleges municipal liability against the City of Wilmington for instituting customs, policies, practices, procedures, and rules causing the alleged constitutional violations as well as supervisory liability for acquiescing in a pattern of unconstitutional conduct by police officers. (*Id.* at 9) Plaintiff alleges that the City of Wilmington failed to train its officers in taser and arrest procedures and failed to take remedial action against its employees. (*Id.*) Finally, Plaintiff alleges conspiracy under 42 U.S.C. § 1983 and state law as well as intentional infliction of emotional distress under state law. (*Id.*)

Plaintiff seeks compensatory, discretionary, punitive, and future damages as well as "greater oversight of the City of Wilmington Police Department." (*Id.* at 10) The City of Wilmington moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 31)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (citing *Neitzke v. Williams*, 490 U.S. 319, 331 (1989); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002)). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See, e.g., Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

3

1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.*

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

The City of Wilmington moves to dismiss on the grounds that: (1) the Amended Complaint fails to plead facts that show a city policy, practice, or custom caused a constitutional injury; (2) the Amended Complaint does not allege facts showing the City failed to properly train its officers; (3) the Amended Complaint fails to allege facts to support a claim against the City for conspiracy under 42 U.S.C. § 1983; and (4) the City is immune from suit for state law tort claims under the County and Municipal Tort Claims Act.

### A. Municipal Liability

#### 1. Policy/Custom

Plaintiff attempts to attempts to plead a § 1983 municipal liability claim against the City of Wilmington based on the actions of its police officers during his June 9, 2017 arrest. Municipal liability under 42 U.S.C. § 1983, however, cannot be based on the "respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." *Patterson v. City of Philadelphia*, 2009 WL 1259968, at *9 (E.D. Pa. May 1, 2009) (citing *Monell v. New York City Dep't Soc. Services*, 436 U.S. 658 (1978)). A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Accordingly, a plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the

5

municipal action and the alleged deprivation of federal rights. *See Board of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

A policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (internal citation omitted). A custom is established "by showing that a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* When arguing that either custom or policy was the source of his injury, a plaintiff must show "that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Id.*

The Amended Complaint alleges derivative liability, supervisory liability, and policy maker liability against the City of Wilmington, Purzycki, and Gifford, as well as municipal liability against the City of Wilmington "for instituting customs, policies, practices, procedures, and rules which w[ere] the moving force and proximate cause of the constitutional violations." (D.I. 30 at 9) The Amended Complaint merely paraphrases the elements of a municipality liability claim. These "conclusory and general" averments are "insufficient" and "fail[] to satisfy the 'rigorous standards of culpability and causation' required to state a claim for municipal liability." *Wood v. Williams*, 568 F. App'x 100, 102-04 (3d Cir. 2014) (quoting *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009) and affirming dismissal of *Monell* claim because plaintiff set forth series of conclusory allegations that "simply paraphrased" elements of *Monell* liability).

In addition, the Amended Complaint must reference "the conduct, time, place, and persons responsible for any official municipal policy or custom endorsing the police officers' conduct." *Torres v. City of Allentown*, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (citing *Evancho v. Fisher*,

6

423 F.3d 347, 353 (3d Cir. 2005)). It does not. The Amended Complaint fails to sufficiently plead a policy or custom of the City of Wilmington that caused constitutional harm to Plaintiff. *See Saleem v. School Dist. of Philadelphia*, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"). Accordingly, the Court will grant the motion to dismiss this claim.

### 2. Failure to Train

The Amended Complaint alleges that the City of Wilmington failed to train its officers on taser and arrest procedures. (D.I. 30 at 9) This claim is also deficiently pled.

"A municipality's failure to adequately train its officers and employees gives rise to a cause of action under Section 1983 if the deficient training reflects a deliberate indifference to an individual's civil right and is 'closely related to the ultimate injury.'" *Tirado v. Montgomery Cty.*, 2013 WL 1285487, at *7 (E.D. Pa. Mar. 29, 2013) (quoting *Kline ex rel Arndt v. Mansfield*, 255 F. App'x 624, 629 (3d Cir. 2007) (other citations omitted). "Establishing municipal liability on a failure to train claim under § 1983 is difficult." *Galarza v. Szalczyk*, 2012 WL 1080020, at *21 (E.D. Pa. March 30, 2012) (citing *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). "Generally, deficient training can only amount to the requisite deliberate indifference 'where the failure to train has caused a pattern of violations.'" *Tirado*, 2013 WL 1285487, at *7 (quoting *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000)).

Here, the Amended Complaint contains bald assertions without reference to any instances of prior misconduct caused by the allegedly inadequate training. The conclusory statements do not suffice to state a cause of action. The Court, therefore, will grant the motion to dismiss this claim.

### B. Section 1983 Conspiracy and State Tort Claims

The City of Wilmington moves to dismiss the conspiracy claims raised under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted. It also moves to dismiss all state law claims against it based upon its immunity under the Delaware County and Municipal Tort Claims Act, 10 Del. C. § 4010 *et seq.* Plaintiff concedes that these claims against the City of Wilmington should be dismissed. (D.I. 41 at 12) Therefore, the Court will grant the motion to dismiss these claims.

### C. Respondeat Superior

The Amended Complaint names Purzycki and Gifford as defendants based upon their positions as mayor and supervisor, respectively, and refers to derivative or supervisor liability. Other than this, this are no allegations directed towards these two defendants.

There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [] neither participated in nor approved;" personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d at 353.

The positions held by Purzycki, as the mayor, and Gifford, as a supervisor, are not sufficient to find either liable, as there is no respondeat superior liability in § 1983 cases. Accordingly, they will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### D. Excessive Force/Failure to Intervene

Plaintiff may proceed on the excessive force and failure to intervene claims raised against Ham, Schulz, Law, Stephey, Nolan, and Lynch. The conspiracy claims and state law claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).

## V. MISCELLANEOUS MOTIONS

### A. Request for Subpoena

Plaintiff seeks a subpoena to obtain records from a non-party. (D.I. 34) The request will be denied. To date, Defendants have not been served, and the Court has not yet entered a scheduling and discovery order. In addition, the Court has no authority to finance or pay for a party's discovery expenses. *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991); *Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995) (inmate proceeding *in forma pauperis* in civil action may not issue subpoenas without paying required fees). The Court will consider issuance of a subpoena upon a showing by Plaintiff of his ability to pay the associated costs.

### B. Motion to Amend

Plaintiff's motion for leave to amend (D.I. 36) will be denied as moot. Plaintiff advises that the motion was filed in error. (D.I. 40)

## VI. CONCLUSION

For the above reasons, the Court will: (1) grant the City of Wilmington's motion to dismiss (D.I. 31); (2) deny without prejudice Plaintiff's request for issuance of subpoena (D.I. 34); (3) deny

9

as moot Plaintiff's motion to amend (D.I. 36); (4) dismiss Defendants Supervisor Gifford and Mayor Michael S. Purzycki, the § 1983 conspiracy claim, and all state claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2); and (5) allow Plaintiff to proceed on the excessive force and failure to intervene claims raised against Officers Ham, Schulz, Law, Stephey, Nolan, and Lynch.

     An appropriate Order will be entered.